# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:11-cr-00386-GMN-GWF |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | Motion for Revelation fo Identity of |
| PAUL SEIFERT, ) | Confidential Informants (#27) |
| ) | |
| Defendant. ) | |

   This matter comes before the Court on Defendant's Motion for Revelation of Identity of Additional Informants and for Related Discovery (#27), filed on July 2, 2012; Government's Response (#29), filed on July 27, 2012; and Defendant's Reply (#30), filed on July 30, 2012. Defendant requests the Court compel production of the identities of all informants and all related documents. In response, the Government represents that it had disclosed all information and documents in its possession to Defendant's counsel and therefore requests the Court deny the motion as moot. Defendant however argues that the Government has a responsibility to disclose all documents in its possession, custody and control, and therefore the Government has a responsibility to disclose all information relating to the LVMPD's investigation.

   "Under longstanding principles of constitutional due process, information in the possession of the prosecutor and his investigating officers that is helpful to the defendant, including evidence that might tend to impeach a government witness, must be disclosed to the defense prior to trial." *United States v. Price*, 566 F.3d 900, 903 (9th Cir. 2009). "Therefore compliance with *Brady*, requires that "the individual prosecutor learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). *See also Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150

(1972).  For all non-*Brady/Giglio* materials, the Government's obligation to disclose materials is triggered "only with respect to documents within the federal government's actual possession, custody, or control."  *United States v. Gatto*, 763 F.2d 1040, 1048 (9th Cir.1985).  *See also* Fed. R. Crim. P. 16(a)(1)(E).  To the extent that the LVMPD was acting with the United States Attorney's office in investigating and prosecuting this case, the Government is required to turn over any *Brady* and *Giglio* materials within the LVMPD's possession, custody and control.  The Court will therefore grant Defendant's motion to the extent that the Government has not already complied with their *Brady* and *Giglio* obligations.  Accordingly,

**IT IS HEREBY ORDERED** that  Defendant's Motion for Revelation of Identity of Additional Informants and for Related Discovery (#27) is **granted**.

DATED this 1st day of August, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge